First case this morning is Progressive Universal Insurance Company v. Lonsdale, Edano. David Shaw works in the appellant. Lenny Darb is in the appellate. David Shaw, are you ready for the scene? I am.  May it please the Court, my name is David Shaw and I represent Progressive Universal Insurance Company in this action. The trial court abused its discretion by granting the plaintiff's motion to stay because Progressive's declaratory judgment action does not involve a determination of ultimate fact in the underlying personal injury action. The issue to be decided in the declaratory judgment action is whether the vehicle being driven by Tory Lonsdale at the time of the accident was an insured vehicle under the Progressive policy of insurance. The ultimate issue to be decided in the underlying action is whether Tory Lonsdale was negligently driving a motor vehicle, thereby causing some type of injury or harm to the plaintiff in that cause, Pamela Green. Whether she was or was not insured at that time is not relevant or germane to any ultimate fact to be decided in the underlying action. In Illinois, the courts have held that where there is an ultimate fact that is the same to be decided in the underlying action and the declaratory judgment action, a stay is appropriate. However, where the ultimate fact to be decided in the declaratory judgment action is different or is not the same as the ultimate fact to be decided in the underlying action, a stay is not appropriate. It is an abuse of discretion to grant such a stay. I have cited this case, Pekin v. Johnson Downs Construction, which I think is, was unable to find anything directly on point, but this is, this case is similar. In Pekin v. Johnson Downs Construction, the insurance company had defended Johnson Downs under a reservation of rights for three years. After those three years, they filed a declaratory judgment action where they said that Johnson Downs didn't have any rights under the policy of insurance. The trial court, upon a motion filed by Johnson Downs, granted the stay. On appeal, it was reversed, with the appellate court finding it was an abuse of discretion to grant the stay, because the ultimate issue to be decided in the underlying case under that complaint was whether they were negligent. However, the Pekin policy only covered them for their vicarious liability. There was no vicarious liability count in the original complaint. And therefore, even though the trial court in that case did not specify a reason as to why it was granting the stay, the appellate court still found it was an abuse of discretion. That's pretty much what happened in our case. Our case involves whether this vehicle was listed on the policy. The questions that we need answered are, when was it listed on the policy? How did they list it on the policy? Did they pay a premium? None of that is relevant to Pamela Greene's personal injury action. Indeed, the- How is it not relevant? I mean, it seems to me to be very relevant if they decide that there was coverage in the deck action, that that can be used then in the PI case. Well, Your Honor, the issue is whether it's an issue of ultimate fact. I don't think that they can interject insurance in that case. It's not interjecting insurance. It's interjecting a finding of fact that may be used as proof of, you know, what car she was driving and who it belonged to from the deck action. It seems to me there's an overlap in the issue there. Well, I think the issue in our case is that, is whether this vehicle was insured under this policy of insurance. No, it's a particular vehicle. It is a particular vehicle. It's a 2015 Cruze, which is not listed on the progressive policy of insurance. Once that's decided in the deck action, can't that be used in the personal injury action as a matter of fact? In other words, you collaterally stopped from saying it was some other vehicle? Well, I think you have to look at the allegations in the complaint like they did in Johnson Downs. In the underlying complaint, they've alleged it is this vehicle. There's no dispute that it's a 2015 Chevy Cruze that she was driving. So, no, I don't think that would matter in our particular case, in our lease facts. I've also cited the Pennington case for the proposition. It seems to me that what Pamela Green's attorney is arguing is that because they filed this action, there has to be some type of stay, just because the underlying case has to be resolved before the D.J. action. That argument was raised in Pennington on appeal. The facts are, again, a little bit different. That was a summary judgment where the insurance company had filed a D.J. action saying they had no duty to identify that insured in that case, because apparently he shot someone in his house. In other words, they were saying his conduct was intentional, which would obviously be excluded under the policy. They got summary judgment. It was reversed on other grounds with the appellate court finding that there was an issue of material fact as to whether it was an intentional or non-intentional act. But on appeal, that defendant raised the sort of same argument. They argued that under Peppers, that the D.J. action had to be stayed until there was a resolution of the underlying claim. That argument was rejected. So we know under the case law that in cases where the ultimate fact to be decided in the underlying case is different from the ultimate fact to be decided in the declaratory judgment action, a stay is inappropriate. And we also... You're appealing the November 3rd hearing where the stay was entered? That is correct, Your Honor. I didn't see in the record, a transcript, any record of the hearing on November 3rd. There was no transcript. So there's an abuse of discretion standard where to apply if there's no transcript. We don't know what the judge ruled. There were no... We don't have anything that the judge said at the hearing or following the hearing or what his reasoning or her reasoning was. There was no reasoning stated in the order that was signed by the judge. I can tell you the judge didn't say much. I do recall him saying that he understood Mr. Dart's position. He understood my position. So what do we use as the basis to find an abuse of discretion? Well, like they did in Pekin, there was, in Pekin v. Johnson Downs, the appellate court even noted that the trial court didn't specify the basis as to why they were bringing the stay. They still found it to be an abuse of discretion. And so what you have is, before you, is exactly what the trial court had before you. There's no evidence in this. This was an argument based upon Mr. Dart's filing of the motion to stay, our response to that. Does that, in effect, make us having to apply the NOVO standard then if there's no record that shows what the trial court... ...recognized principles of law, and that's exactly what occurred in this case, because the ultimate issue to be decided in the D.J. action is different from the ultimate action to be decided in the underlying action. Therefore, they failed to follow the recognized principles of law, and that constitutes an abuse of discretion. And for those reasons, we would ask this court to reverse the trial court's order on November 3rd and allow our case to proceed. Thank you. Thank you. Mr. Dar? Thank you, Your Honor. Do you have a statement ready? Yes, thank you, counsel. As this court properly identified, the standard to be considered is an abuse of discretion standard. And maybe more importantly is that since there is no transcript of the trial court proceedings, there's a presumption that the trial court acted within the confines of the law and the arguments presented to it. So not only do they have to prove, they have to overcome a presumption that the judge acted incorrectly. And in the absence of this record, I just don't see it here. But I think what the court, what the trial court was aware of, that this court may not be aware of, but you can glean it from the pleadings, which is, Toi Lonsdale is alleged to have struck my client. There's a vicarious liability claim against chemical concepts. Chemical concepts is a closely held family corporation operated by the Lonsdale family. That's why you've got Carl Lonsdale as part of this declaratory judgment action, who is the mother of Tori Lonsdale, because she dealt with all the insurance issues for chemical concepts and the family. Then they've got chemical concepts as a defendant there. Now there's two different, and this is in the pleadings, there's two different progressive policies. One for chemical concepts and one for the family. They filed a DJ as to this claim, but they have it on the other policy, or on this policy, but not the other policy. The trial court hearing all of this and realizing these issues- Policy versus another policy. Yeah, they have filed a policy of the one issued to the family, but not to the one issued of the company. Tori Lonsdale is alleged to have been acting vicariously also on behalf of the company. That is a factual determination that needs to be made. And for the judge to really wrestle with all of these coverage issues, he would need to make that determination, because very well a jury here in this case could decide Tori Lonsdale was negligent, but she wasn't acting within the course and scope of her authority with chemical concepts. And then there was another issue that was raised and is brought up in the pleadings and it's in my appendix, which is the conflict of interest that was created by Progressive. In the sense of they assigned defense counsel to Tori Lonsdale, Wilkie and Wilkie, it's in the pleadings. And then they filed, they assigned a different defense counsel to chemical concepts and didn't explain to the insurers that, gee, you've got this right to choose your own defense during the course of these pleadings or proceedings at our expense and you don't have to accept ours, because obviously there's an interest in, for the family, to getting this claim resolved, which hasn't been done in the compound of this conflict or this confusion. If you look at, it's in the record, and it's an SR-74, which is the, it's not even a reservation of rights letter, it's a denial of coverage letter. And it's dated, this lawsuit was filed in mid-January on 1-30-2023. And they issued, Progressive issues this letter and it goes on for a couple pages and it's excerpting the policy language that they rely on. But then it says, in the first paragraph, it says, as a result, we must deny coverage for this claim. So they send them a letter saying we're going to deny coverage for this claim, but then they assign them defense counsel. And defense counsel is defending them, there's no reservation of rights, there's a denial of coverage. And that's why we raise the issue, there's got to be a conflict here, Judge, which you've got to resolve. And the only way you can resolve this, because they're stopped from asserting any policy defenses, if they're in violation of a conflict of interest between the insured and the insured. And the judge, looking at all of this, says, well, let's just wait and see what happens underneath. Maybe it all is for mute, or is a mute issue if, you know, totally wrong, says not found to be negligent, or at least part of it becomes mute if she's found not to be within the course and scope of her employment. And then we can just deal with what we've got left at the end, which is this conflict, and who they owe the conflict to, and under which policy were they issuing these letters to. So there was more than enough reason for this trial court to say, I'm going to stay this, let this proceed in St. Clair County, and we'll pick up these issues at a later date. Contrary to my good friend David's comments as to what the argument was like, I think it went on for quite a while, and it was wide-ranging. And the judge did understand our points both ways, and decided that the best way to handle this was to stay, which was well within his discretion, and within the inherent authority of the trial court to control its own docket. Saying, why should I monopolize all my time over these wide-ranging issues when they may be all moot at some point? Let's just see what happens in St. Clair County. So we would ask you just to affirm the trial court's ruling. Thank you. Thank you. Dr. Butler? Yeah, I want to make sure that you guys are busy. I just want to address two quick points. The only policy that is at issue in our declaratory judgment action is the policy, the progressive policy. It has nothing to do with chemical concepts. The chemical concepts policy is not part of the D.J. action. It is only the policy that was procured for the residents of that home by Kara Lonsdale. So that's really a red herring argument. The issue in our case is whether there was coverage for this vehicle, whether this vehicle was listed on the policy, or whether it wasn't. That's the issue. So whether it was insured under another policy, the insurance is not really relevant at all. And it's a red herring argument. Regarding the conflict of interest argument, again, that sort of lacks, that does indeed lack merit. Originally, and this is all within the record, they sent out a reservation rights letter indicating that they were investigating the claim. After investigating the claim on January 30th, they sent out a denial letter. On February 7th, they got an email from Kara Lonsdale saying, you owe me coverage. Our car was essentially alleging or reporting that she attempted to put this car on their policy of insurance. We think via an app. But since we haven't done any discovery, we don't know. So what is progressives supposed to do? Well, the case law is very clear. You can defend it, you can defend it, file a D.J. action, or you can deny it. And if you're found later to have a wrongful denial, you can deal with any penalties, bad faith, vexatious delay, any attorneys fees that may be associated with that. Progressives did exactly what they're supposed to do. They got a lawyer to defend her in that underlying action, and then they also filed a D.J. action. That's what they're supposed to do. That's what they did. So those arguments lack merit. Again, we would ask that the court reverse, this court, to reverse the trial court's order granting the stay because it was an abuse of discretion because the ultimate issues to be decided in a D.J. action do not invade the ultimate issues to be decided in the underlying action. Mr. Shaw, what do you think about this presumption? Do you think there is a presumption? That the trial court acted correctly? Yes. I think you have to look at the record that was provided, and that record is exactly what was provided to the trial court. It was the pleas. The trial court was there during its ruling. My question is, we don't have a record of the proceedings. So do you think that raises a presumption that the trial court acted correctly? Did not abuse its discretion? No, not based upon the particular facts of this case because we know that the allegations in the underlying action have nothing to do with the ultimate facts to be decided in the D.J. action. So even if there is a presumption, that presumption is clearly rebutted. The case law is clear. Stays are appropriate if the ultimate issues are the same in both cases. If they're different, there's nothing that prohibits the D.J. action from moving forward, and there's nothing that prohibits that D.J. action from being resolved before the underlying case. Thank you. Thank you. I appreciate your arguments. We'll take them as an advisement and issue a decision in due course. Thank you.